UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE CAMPAIGN FOR BUFFALO HISTORY,
ARCHITECTURE & CULTURE, INC.,

                     Petitioner,

           vs.

BUFFALO AND FORT ERIE PUBLIC BRIDGE
AUTHORITY,

                  Respondent.
_____

**RESPONDENT'S VERIFIED
ANSWER**

Civil Action No: 1:12-cv-00605

New York State Supreme Court
Erie County Index No.: I2012-1976

        Respondent Buffalo and Fort Erie Public Bridge Authority (the "PBA"), by its

attorneys, Phillips Lytle LLP, answers the Verified Petition of The Campaign for Buffalo

History, Architecture & Culture, Inc. (the "Campaign") as follows upon information and belief:

        1.      The PBA admits the allegations contained in paragraphs 17, 21, 28, 37,

42, and 48 of the Verified Petition.

        2.      The PBA denies the allegations contained in paragraphs 18, 19, 41, 43, 44,

45, 47, 50, 53, 54, 62, 63, 64, 66, 70, 71, 72, 73, 79, and 94 of the Verified Petition.

        3.      The PBA states that the allegations contained in paragraphs 1, 2, 10, 58,

59, 60, 61, 65, 78, 81, 82, 83, 86, 87, 88, 89, 90, and 91 of the Verified Petition contain no

allegations of fact, but rather are legal arguments or assert legal conclusions and, therefore, no

response is required.  To the extent that a response is required, the PBA denies the allegations in

those paragraphs.

        4.      The PBA lacks information or knowledge sufficient to form a belief as to

the truth of the allegations contained in paragraphs 3, 4, 5, 6, 7, 8, 9, 27, 31, 33, 40, 69, 92, and

93 of the Verified Petition.

5.     With respect to the allegations contained in paragraphs 11 and 12 of the Verified Petition, the PBA lacks information or knowledge sufficient to form a belief as to whether Petitioner's members live in close proximity to the structures to be demolished but denies that such demolition will directly affect the interests of any such members and states that none of Petitioner's members will suffer any injury within the zone of interests protected by the statutes under which Petitioner has brought suit.  The PBA denies the remaining allegations in those paragraphs.

6.     With respect to the allegations contained in paragraphs 13, 14, and 15 of the Verified Petition, the PBA admits that it is an international compact that was created pursuant to laws enacted by the New York Legislature in 1933, consent for which was obtained from the United States Congress in 1934, and by the Parliament of the Dominion of Canada in 1934, that pursuant to the international compact created by that legislation the PBA operates and maintains the international bridge and border crossing known as the Peace Bridge that connects Fort Erie, Ontario, in Canada, and Buffalo, New York, in the United States, and denies the remaining allegations in those paragraphs.

7.     With respect to the allegations contained in paragraph 16 of the Verified Petition, the PBA admits that the U.S. Plaza facilities are situated in the City of Buffalo.  The PBA states that the U.S. Plaza is 14.94 acres in size and denies the remaining allegations in that paragraph.

8.     With respect to the allegations contained in paragraph 20 of the Verified Petition, the PBA admits that it owns and operates facilities in both Buffalo, New York and Fort Erie, Ontario, Canada including the bridge.  The PBA denies that there are toll plazas on both sides of the border.  The tolls were relocated from Buffalo to Fort Erie approximately five years

ago, despite a lawsuit filed by some of the Petitioner's members identified in paragraph 11 of the Verified Petition to stop the toll relocation and other plaza improvements, which lawsuit resulted in a decision of the United States District Court for the Western District of New York dated January 10, 2010, in a matter known as <u>Mitskovski v. Buffalo and Fort Erie Public Bridge Authority,</u> in which the Court dismissed nearly identical claims to those brought by Petitioner in this proceeding.

9.      With respect to the allegations contained in paragraphs 22, 36 and 55 of the Verified Petition, the PBA admits that it owns seven (7) properties on Busti Avenue in Buffalo, New York situated at 757, 771, 775, 777, 783, 791 and 793 Busti Avenue  and that it purchased these properties between 1995 and 1998.  The PBA also states that it recently completed acquisition of an eighth property located at 775 Busti Avenue which it plans to demolish.  The PBA denies the remaining allegations in those paragraphs.

10.      With respect to the allegations contained in paragraph 23 of the Verified Petition, the PBA admits that it has recently begun work to demolish the structures that it owns on Busti Avenue and intends to complete demolition in the coming weeks including capping utilities.  The PBA denies that any of the structures currently contain valuable historic features.

11.      With respect to the allegations in paragraphs 24, 25, and 26 of the Verified Petition, the PBA denies the allegations contained in these paragraphs and states that the houses to be demolished are not within the area known as the Prospect Hill Historic District which has been determined by the New York State Office of Parks, Recreation and Historic Preservation to be eligible for the National Register of Historic Places.

12.      With respect to paragraph 29 of the Verified Petition, the PBA admits that Front Park, Columbus Park, Patrick Sole Park, Prospect Park and LaSalle Park are all located in

relative proximity to the Peace Bridge but denies that any of these parks is substantially contiguous to or adjacent to the structures to be demolished or will be adversely impacted by such demolitions.

13.     With respect to the allegations contained in paragraph 30 of the Verified Petition, the PBA admits that Front Park is located on a bluff overlooking Lake Erie and the Niagara River, but states that historic views of Lake Erie and the Niagara River have been significantly compromised by transportation infrastructure developed over the course of the last century including but not limited to the NYS Thruway and associated ramps and overpasses. The PBA denies the remaining allegations contained in that paragraph.

14.     With respect to the allegations contained in paragraphs 32, 75, 76, 77 of the Verified Petition, the PBA denies that Patrick Sole Park is adjacent to the PBA's Buffalo plaza as clearly demonstrated by Exhibit D of the Verified Petition; admits that the PBA's Buffalo plaza is adjacent to Episcopal Church Home but states that Episcopal Church Home has been vacant and abandoned for the past seven years; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in those paragraphs.

15.     With respect to the allegations contained in paragraphs 34 and 35 of the Verified Petition, the PBA admits that the New York State Office of Parks, Recreation and Historic Preservation has determined that the structures located at 771, 777, and 793 Busti Avenue are eligible for the National Register of Historic Places and that 771 Busti Avenue has been designated a City landmark by the City of Buffalo but states that the value of these properties as historic resources has been significantly impaired by their condition and that the

PBA has reasonably mitigated any potential impacts to historic resources associated with the demolition of these structures.

16.     With respect to the allegations contained in paragraph 38 of the Verified Petition, the PBA admits that after more than 10 years of review and consideration, the U.S. Federal Highway Administration ("FHWA") rescinded its notice of intent to proceed with a capacity expansion project and states that while the FHWA led process was underway, the PBA could take no action to demolish the Busti Avenue structures that it owns, but with the termination of the FHWA led process, the PBA is now able to take action on its longstanding plans to demolish the structures it owns on Busti Avenue.

17.     With respect to the allegations contained in paragraphs 39, 51 and 68 of the Verified Petition, the PBA admits that Lake Erie and the Niagara River are designated Coastal Waterways in New York State, but denies that any of the structures to be demolished are located within the NYS coastal area and states that Verified Petition Exhibit G clearly demonstrates this fact.  The PBA admits that it did not prepare a Coastal Assessment Form but denies the remaining allegations contained in those paragraphs.

18.     With respect to the allegations contained in paragraph 46 of the Verified Petition, the PBA admits that the Peace Bridge serves as a conduit between the QEW and I-190 and states that the Peace Bridge also acts as a conduit to and from the City of Buffalo roadway network with direct connections to several local streets including Busti and Porter Avenues.

19.     With respect to the allegations contained in paragraph 49 of the Verified Petition, the PBA admits that it prepared a negative declaration for the demolition of eight structures (and associated accessory structures) for real property located at 757, 765, 771, 775, 777, 783, 791 and 793 Busti Avenue but states that it did so on May 25, 2012 after an evaluation

process that began months before and included a public information meeting held on April 4,

2012 which was attended by Petitioner's Executive Director, Tim Tielman, who never asked to

inspect the properties to be demolished and never responded to the PBA's offer to allow

Petitioner to relocate any of the structures, and that the PBA did so in full compliance with the

applicable requirements of the State Environmental Quality Review Act.  The PBA denies the

remaining allegations contained in that paragraph..

20.     With respect to the allegations contained in paragraph 52 of the Verified

Petition, the PBA denies the allegations and states that the negative declaration for the

demolitions specifically referenced potential plaza expansion but noted, among other things, that

there are many uncertainties associated with plaza expansion; that while the demolitions will

result in the availability of the Busti Avenue properties for future use, the demolitions will also

provide additional buffering between the neighborhood and the plaza and provide additional

green space; that the demolitions would remove blight from the neighborhood; and, that the

demolitions had independent purpose and would not be practically determinative of whether the

PBA will undertake plaza expansion.

21.     With respect to the allegations contained in paragraph 56 of the Verified

Petition, the PBA repeats and realleges its answers to paragraphs 1-55 of the Verified Petition.

22.     With respect to the allegations contained in paragraph 57 of the Verified

Petition, the PBA admits that on a voluntary basis it undertook an assessment of the potential

adverse environmental impacts associated with the demolitions of the Busti Avenue structures

and states that it fully complied with all applicable requirements of the State Environmental

Quality Review Act.  The PBA denies the remaining allegations in that paragraph..

23.     With respect to the allegations contained in paragraph 67 of the Verified Petition, the PBA repeats and realleges its answers to paragraphs 1-66 of the Verified Petition.

24.     With respect to the allegations contained in paragraph 74 of the Verified Petition, the PBA repeats and realleges its answers to paragraphs 1-73 of the Verified Petition.

25.     With respect to the allegations contained in paragraph 80 of the Verified Petition, the PBA repeats and realleges its answers to paragraphs 1-79 of the Verified Petition.

26.     With respect to the allegations contained in paragraph 84 of the Verified Petition, the PBA admits that it has not obtained a demolition permit from the City of Buffalo, and denies the remaining allegations contained in that paragraph.

27.     With respect to the allegations contained in paragraph 85 of the Verified Petition, the PBA states that the allegations contained in that paragraph contain no allegations of fact, but rather are legal arguments or assert legal conclusions and, therefore, no response is required.  Nonetheless, the PBA states that, in conjunction with its voluntary SEQR process, it sent two different letters to the City of Buffalo Preservation Board requesting that the Preservation Board provide the PBA with any substantive comments or concerns regarding the demolitions and that the Preservation Board failed to provide the PBA with any such comments or concerns about the demolitions.

28.     The PBA denies each and every allegation in the Verified Petition to which it has not specifically responded above.

**FIRST DEFENSE**

29.     The Verified Petition fails to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

30.     The claims of Petitioner are barred by documentary evidence.

## THIRD DEFENSE

31.     Petitioner lacks legal capacity to pursue the claims presented in the

Verified Petition.

## FOURTH DEFENSE

32.     Petitioner lacks standing to bring this action.

## FIFTH DEFENSE

33.     The claims of Petitioner are barred by the doctrines of laches and waiver.

## SIXTH DEFENSE

34.     The claims of Petitioner are barred by the doctrines of collateral estoppel

and res judicata.

## SEVENTH DEFENSE

35.     The determinations of Respondent challenged in this action are supported

by the administrative record, were not arbitrary, capricious, or an abuse of discretion, and do not

contain and are not based upon any error of law.

## EIGHTH DEFENSE

36.     Respondent fully complied with all applicable legal requirements of the

State Environmental Quality Review Act ("SEQR") and the regulations promulgated pursuant

thereto by the Commissioner of the Department of Environmental Conservation.

## NINTH DEFENSE

37.     The contested demolition action is lawful and will not violate the New

York Executive Law because the subject properties are not within a New York Coastal Area.

**TENTH DEFENSE**

38.     The contested demolition action is lawful and will not violate the New York Public Trust doctrine because none of the subject properties are held in trust as parkland for the benefit of the public.

**ELEVENTH DEFENSE**

39.     Respondent fully complied with all applicable legal requirements of the Buffalo City Code.

**TWELFTH DEFENSE**

40.     Respondent fully complied with all applicable legal requirements of the New York State Parks, Recreation and Historic Preservation Law.

**THIRTEENTH DEFENSE**

41.     Respondent is an international compact entity whose internal operations, including the contested demolition action, are not subject to the requirements of SEQR or the Buffalo City Code.

**FOURTEENTH DEFENSE**

42.     The contested demolition action is lawful because it is expressly contemplated by the express language of the PBA's enabling legislation, as enacted by the New York Legislature, with the consent of the United States Congress, and the Parliament of the Dominion of Canada.

WHEREFORE, the PBA respectfully requests that this Court dismiss the Verified Petition, deny the relief requested therein, award the PBA its costs and disbursements herein, and grant such other and further relief as it deems just and proper.

Dated:      Buffalo, New York
             June 27, 2012

                          PHILLIPS LYTLE LLP


                          By  <u>s/ Kevin M. Hogan</u>
                                Kevin M. Hogan
                                Adam S. Walters
                        Attorneys for Respondent
                        3400 HSBC Center
                        Buffalo, NY  14203
                        Telephone:  (716) 847-8400
                        khogan@phillipslytle.com
                        awalters@phillipslytle.com


TO:    Richard J. Lippes, Esq.
        *Attorney for Petitioner*
        1109 Delaware Avenue
        Buffalo, New York 14209

        Richard G. Berger, Esq.
        *Attorney for Petitioner*
        403 Main Street, Suite 705
        Buffalo, New York 14203


Doc # 01-2586646.3

*Verification*

State of New York          )

County of Erie               )


       I, RON RIENAS, being duly sworn depose and say that I am an authorized representative of Buffalo and Fort Erie Public Bridge Authority; that I have read the foregoing Verified Answer and know the contents thereof; that the same are true to my knowledge except as to the matters stated to be upon information and belief; and that as to those matters I believe them to be true.


                                      s/ Ron Rienas
                                      RON RIENAS
                                      General Manager
                                      Buffalo and Fort Erie Public Bridge Authority

Sworn to before me this
27th day of June, 2012

s/ Patti J. Schifferle
Patti J. Schifferle
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires October 15, 2014


Doc # 01-2586646.3