UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| THE CAMPAIGN FOR BUFFALO HISTORY, ARCHITECTURE & CULTURE, INC. | **ATTORNEY'S AFFIDAVIT** |
| Petitioner, | Civil Action No.: 12-CV-605S |
| vs. | |
| BUFFALO AND FORT ERIE PUBLIC BRIDGE AUTHORITY, | |
| Respondent. | |

_____

ADAM S. WALTERS, being duly sworn, deposes and says:

1. I am a member of the firm of Phillips Lytle LLP, attorneys for Respondent Buffalo and Fort Erie Public Bridge Authority ("PBA") in this action. I am admitted to practice in this Court and have knowledge of the facts stated in this Affidavit.

2. In this proceeding, Petitioner, The Campaign for Buffalo History, Architecture and Culture, Inc. ("Campaign"), brings four causes of action seeking to prevent the PBA from proceeding with plans to demolish the structures located at 757, 765, 771, 775, 777, 783, 791 and 793 Busti Avenue ("Busti Avenue Houses") and replacing those structures with landscaped greenspace (the "Demolition Project").

3. This Affidavit is submitted in opposition to Petitioner's claims and in support of a judgment in favor of the PBA.

4. On July 27, 2012, Petitioner moved for an order to compel discovery to allow Petitioner to inspect the Busti Avenue Houses. Respondent opposed Petitioner's motion.

5. By order of the Court dated October 5, 2012, Petitioner's motion to compel discovery was granted to the extent Petitioner sought to inspect the houses located at 771, 777 and 793 Busti Avenue, but was otherwise denied. In its ruling on this issue, the Court

noted that determination of whether the results of the inspection may be used in this proceeding or to supplement the administrative record would be deferred and the parties could submit supplemental briefing on this issue by November 30, 2012.

6. Petitioner and Respondent negotiated an access agreement ("Access Agreement") to facilitate Petitioner's inspection of 771, 777 and 793 Busti Avenue that was executed on November 5, 2012.

7. On November 7, 2012. Petitioner conducted its inspection of these properties.

8. Pursuant to the terms of the Access Agreement, Petitioner was required to provide all data, documents, information or reports resulting from the inspection to Respondent promptly, but in any event, no later than November 15th.

9. On November 26, 2012, after repeated requests from Respondent, Petitioner delivered to Respondent a computer disc with two electronic folders, one containing 84 photographs and labeled "Paul McDonnell's Photos" (copies of these photographs are attached as **Exhibit A** hereto) and the other containing 67 photographs and labeled "Tim Tielman's photos" (copies of these photographs are attached as **Exhibit B** hereto) (collectively, the 151 photographs are referred to herein as the "Photographs").

10. Other than the labels on the folders indicating who took them, the Photographs are not labeled with any identifying information about what is depicted and no report from the inspection was produced.

11. The Photographs are very consistent with the information already found in the Certified Record on Proceedings ("Record") regarding the generally deteriorated and blighted condition of the Busti Avenue Houses. In particular, the Photographs are substantially

similar to (and remarkably repetitive of) the 189 photographs contained in the historical archival reports prepared earlier in 2012 for the houses at 771, 777 and 793 Busti Avenue. See Record, at 287-313; 342-352; 389-413.

12. In an email from Petitioner's counsel, Richard Berger, on November 26, 2012, Mr. Berger stated that Petitioner did not intend to submit all of the photographs to the Court but would select a set of the photographs that would best show that the roofs of the structures appear to be compromised and threaten the stability of the buildings. Mr. Berger further indicated that Petitioner felt this information would be relevant to the relief requested in their motion for a preliminary injunction (as opposed to the merits of the claims).

13. Petitioner apparently will attempt to use the Photographs to argue that the roofs of the Busti Avenue Houses should be restored as part of the preliminary injunction, rather than simply ordering that the status quo be maintained and the Demolition Project not proceed. Many of Petitioner's Photographs show defects in the roofs that are the result of ongoing and longstanding deterioration, something that is outside the scope of this lawsuit (which is an action by Petitioner to enjoin demolition). Other photographs depict the result of asbestos abatement work that was expressly approved by Justice Glownia in his temporary restraining order of June 19, 2012 (the "TRO").

14. I asked Petitioner for clarification on the relevance of Petitioner's Photographs, but have not received any reply. In the event Petitioner files a Supplemental Brief asking the Court to order the PBA (as part of a preliminary or permanent injunction) to restore the roofs of these three Busti Avenue Houses, Respondent requests an opportunity, within a short period of time following receipt of such a brief, to submit a supplemental reply brief to respond to Petitioner's arguments, on grounds that such relief has not previously been requested.

WHEREFORE, for all the reasons set forth herein and in the Memorandum of Law submitted herewith, and for those reasons set forth in Respondent's Memorandum of Law in Opposition to Petitioner's Motion to Compel dated August 13, 2012, Respondent's Memorandum of Law in Opposition to Petitioner's Claims dated September 7, 2012 and its Reply Memorandum of Law in Opposition to Petitioner's Claims dated September 21, 2012, and all supporting papers filed in this proceeding, it is respectfully submitted that the claims of the Campaign in its Verified Petition must be dismissed in their entirety, and the Court should grant such other and further relief as it deems just and proper.

                                                                        s/ Adam S. Walters
                                                                          Adam S. Walters

Sworn to before me this
30th day of November, 2012.


s/ Patti J. Schifferle
Patti J. Schifferle
Notary Public
State of New York
Qualified in Niagara County
My Commission Expires 10/15/14


Doc # 01-2621279.1